**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **ALETHEA TAYLOR**, <br><br> *Plaintiff,* <br><br> v. <br><br> **PACKAGING COORDINATORS INC. D/B/A PCI PHARMA SERVICES**, <br><br> *Defendant.* |

**Case No. 2:25-cv-04999-JDW**

### **MEMORANDUM**

Every lawsuit must come to an end. If it did not, no judgment would ever be final, no settlement would ever provide closure, and no litigant could rely on the outcome of a case. And if parties could reopen final judgments whenever they regretted a litigation decision, litigation would never truly end. Rule 60(b) provides a limited exception to that principle, but only in extraordinary circumstances.

Alethea Taylor asks me to set aside a stipulation dismissing this case with prejudice. She contends that her former attorney did not adequately explain the consequences of that dismissal and that she therefore did not fully understand what she was agreeing to. Even accepting those allegations as true, they do not justify the extraordinary relief that Rule 60(b) provides. Because Ms. Taylor has not established mistake, excusable neglect, or the extraordinary circumstances necessary to disturb a final judgment, I will deny her motion.

## I.   BACKGROUND

Ms. Taylor filed this employment discrimination action against Packaging Coordinators Inc. d/b/a PCI Pharma Services on August 29, 2025. She later filed an Amended Complaint, and PCI answered. The parties then proceeded with discovery.

During discovery, PCI moved to compel responses to interrogatories and requests for production. Under Local Rule of Civil Procedure 26.1(g), a court may summarily grant a routine motion to compel discovery responses when the responding party has not timely served responses or objections. Consistent with that rule, I granted PCI's motion and directed Ms. Taylor to provide discovery responses. Ms. Taylor then moved for reconsideration, arguing that I should revisit that ruling. On May 11, 2026, I denied her motion. In doing so, I addressed her arguments regarding the discovery process and explained why she had not met the standard for reconsideration.

The next day, May 12, 2026, the parties filed a stipulation dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41. The stipulation bears the signature of Ms. Taylor's then-counsel. Following the filing of that stipulation, the Clerk Of Court closed the case. Approximately two weeks later, Ms. Taylor, proceeding *pro se*, filed the pending motion under Rule 60(b). She contends that her former attorney failed to explain the meaning and consequences of a dismissal with prejudice and that she therefore did not understand that signing the stipulation would permanently extinguish her claims. The motion is ripe.

2

## II.    LEGAL STANDARD

Under Rule 60(b)(1) and (6), a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) is construed liberally, and district courts have a large measure of discretion in deciding whether to grant or deny a 60(b) motion. *Lasky v. Continental Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986). Circumstances courts consider when deciding whether to grant relief based on "excusable neglect" include the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, including whether it was in the movant's control, and whether the movant acted in good faith. *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007) (citation omitted).

## III.    ANALYSIS

Even accepting Ms. Taylor's allegations as true, they do not warrant relief under Rule 60(b). The Rule provides extraordinary relief, and a party seeking to disturb a final judgment bears a heavy burden. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). Ms. Taylor's motion falls short of that burden because she does not challenge the validity of the stipulation itself. She does not contend that her attorney lacked authority to dismiss the case, that her signature was forged, or that she lacked the capacity to make decisions concerning her lawsuit. Ms. Taylor was an adult represented by counsel when the stipulation was executed, and nothing in the record suggests that she couldn't understand the documents presented to her, ask questions of her attorney, or make informed decisions regarding her case. Instead, she argues that she did not fully appreciate the

3

legal consequences of the agreement. But represented litigants are generally bound by the litigation decisions they make through counsel. *See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015). The fact that a litigant later claims not to have understood every legal consequence of an agreement does not transform that agreement into a "mistake" or "excusable neglect" within the meaning of Rule 60(b)(1).

Nor has Ms. Taylor demonstrated the extraordinary circumstances necessary for relief under Rule 60(b)(6). At bottom, her motion challenges the advice that she received from her attorney and the decision that followed. But dissatisfaction with counsel's advice does not provide a basis to unwind an otherwise valid dismissal. *See, e.g., In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 329 F.R.D. 151, 154 (E.D. Pa. 2018). To the extent Ms. Taylor believes that her former attorney failed to satisfy professional obligations, the remedy for that alleged failure lies elsewhere.

Ultimately, Ms. Taylor seeks relief from the consequences of a litigation decision that she authorized and that her attorney memorialized by signing the stipulation. The law does not permit courts to relieve represented adults from binding agreements merely because they later regret those agreements or claim that they did not fully understand every legal implication. Because Ms. Taylor has not established mistake, excusable neglect, or extraordinary circumstances sufficient to justify relief under Rule 60(b), I will deny her motion.

## IV.    CONCLUSION

Ms. Taylor has not established mistake, excusable neglect, or the extraordinary circumstances necessary to justify relief under Rule 60(b). She was an adult represented by counsel, and her attorney signed a stipulation on her behalf dismissing her claims with prejudice. Whatever disagreements now exist between Ms. Taylor and her former attorney do not provide a basis to set aside that dismissal. Because Rule 60(b) does not permit the relief that Ms. Taylor seeks, I will deny her motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 9, 2026